## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID JAMES COOK, SR., | Case No. 24-cv-1535 (ECT/SGE) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| RED LAKE BAND OF CHIPPEWA INDIANS, | |
| Respondent. | |

This matter comes before the Court on David James Cook, Sr.'s Petition for a Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303 ("Petition").[1] Mr. Cook's Petition challenges the legality of his detention by the Red Lake Band of Chippewa Indians. (*See* Pet., Dkt. No. 1.) This Court previously ordered Respondent to file an Answer to the Petition, certifying the true cause and proper duration of Mr. Cook's confinement and showing cause why the writ should not be granted. (Dkt. No. 4.) The Court has received that Answer (Dkt. No. 6), and the deadline for filing a reply has passed. This matter is therefore ripe for the Court's consideration. For the reasons outlined below, this **Court recommends that Mr. Cook's Petition be denied as moot and this action be dismissed without prejudice**.

---

[1] Although Petitioner's habeas petition purports to bring his claim pursuant to 28 U.S.C. § 2241, this Court construed the claim as being brought pursuant to 25 U.S.C. § 1301. (*See* Order, Dkt. No. 2.)

## BACKGROUND

Mr. Cook was arrested and detained by Red Lake police on February 23, 2024. (*See* Aff. of Ogema Neadeau ¶ 14, Dkt. No. 6.) At the time of his arrest, Mr. Cook had two outstanding warrants issued by the Red Lake Nation Tribal Court and a bench warrant issued by the United States District Court for the District of Minnesota. (*Id.* ¶¶ 12-14.) Mr. Cook was held at Red Lake Detention Center pending execution of the federal warrant and extradition. (*Id.* ¶ 15.) On April 17, 2024, Mr. Cook was ordered to be extradited into federal custody. (*Id.* ¶ 19.) The U.S. Marshals Service took custody of Mr. Cook on April 22, 2024. (*See* Aff. of Joseph Plumer ¶ 6, Ex. D, Dkt. No. 6)

### I.   DISCUSSION

Respondent contends that Mr. Cook's challenge to his incarceration is moot and requests that this matter be dismissed for lack of jurisdiction. (*See* Answer at 9, Dkt. No. 9.) This Court agrees.

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000); *see* U.S. Const. art. III, § 2. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden*, 212 F.3d at 469 (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n,* 18 F.3d 604, 605 (8th Cir. 1994)).  When an action is moot, it no longer satisfies the case-or-controversy requirement and the court "must dismiss the action." *Potter v. Norwest*

*Mortg.*, 329 F.3d 608, 611 (8th Cir. 2003) (citing *Minn. Humane Soc'y v. Clark,* 184 F.3d 795, 797 (8th Cir. 1999)).

The Petition presents no ongoing case or controversy. Mr. Cook challenges the legality of his detention by the Red Lake Band of Chippewa Indians. (*See* Pet., Dkt. No. 1.) But Mr. Cook has been released from the Red Lake Detention Center. Thus, an order for his release would be ineffectual. Because this Court cannot grant the relief Mr. Cook requests (because Mr. Cook has already received that relief, namely, his release from incarceration), Mr. Cook's Petition challenging his continued incarceration is moot.

Before dismissing the Petition as moot, however, the Court must first consider whether any of the exceptions to mootness apply. *See Sayonkon v. Beniecke*, Case No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *report and recommendation adopted*, 2012 WL 1622545 (D. Minn. May 9, 2012). A petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is a properly certified class action suit." *Id.* (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002)).

The Court finds that none of these exceptions apply here. First, there are no allegations of any continued or collateral injury stemming from the period of Mr. Cook's alleged unlawful detention. Second, it is unlikely that this exact scenario could repeat itself because Mr. Cook has been released from Red Lake Nation custody. Third, there is no indication that the Red Lake Detention Center released Mr. Cook to evade judicial review.

Lastly, this matter has not been certified as a class action. Accordingly, the Court finds that no exception to the mootness doctrine applies.

As explained above, Mr. Cook's Petition challenges the validity of his detention by the Red Lake Band of Chippewa Indians, but he has been released from the Red Lake Detention Center. No live case or controversy remains. The Petition is now moot. This Court therefore recommends that this matter be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECCOMENDED** that:

1. Petitioner David James Cook, Sr.'s Petition for a Writ of Habeas Corpus pursuant to 24 U.S.C. § 1303 (Dkt. No. 1) be **DENIED AS MOOT**.

2. That this action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Dated: October 9, 2024

                                         *s/Shannon G. Elkins*
                                         SHANNON G. ELKINS
                                         United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).